FILED
2021 FEB 26
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| JESSICA ATILANO,<br><br>        Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case #4:20-cv-00040-PK<br><br>Magistrate Judge Paul Kohler |

Plaintiff Jessica Atilano filed this action asking the court to remand the Commissioner of Social Security's decision denying her claim for disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.  The Administrative Law Judge (ALJ) determined Plaintiff did not qualify as disabled.  After reviewing the record, the parties' briefs, and arguments presented at a hearing held on February 17, 2021, the court[1] will reverse and remand the administrative ruling.

## **STANDARD OF REVIEW**

Section 405(g) of Title 42 of the United States Code provides for judicial review of a final decision of the Commissioner of the Social Security Administration.  This court reviews the ALJ's decision to determine whether the record contains substantial evidence in support of the ALJ's factual findings and whether the ALJ applied the correct legal standards.  42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Although the court considers "whether the ALJ followed the specific rules of law that must be followed in weighing particular

---

[1] The parties consent to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

1

types of evidence in disability cases," the court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (internal quotation marks omitted).

The ALJ's factual findings will stand if supported by substantial evidence. 42 U.S.C. § 405(g). The substantial evidence standard "requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003)). "A decision is not based on substantial evidence if it is overwhelmed by other evidence or if there is a mere scintilla of evidence supporting it." *Id.* (internal quotation marks omitted). Rather than mechanically accepting the ALJ's findings, the court will "'examine the record as a whole, including whatever in the record fairly detracts from the weight of the [ALJ's] decision and, on that basis, determine if the substantiality of the evidence test has been met.'" *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800–01 (10th Cir. 1991)). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" *Lax*, 489 F.3d at 1084 (quoting *Zoltanski v. Fed. Aviation Admin.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). Moreover, the court may not substitute its judgment for that of the ALJ. *Langley*, 373 F.3d at 1118.

In addition, the court reviews whether the ALJ applied the correct legal standards. The court may reverse where the ALJ fails to do so. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) ("[T]he failure to apply proper legal standards may, under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis."); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("[I]f the ALJ failed to

apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence.").  Sufficient grounds for reversal also arise where the ALJ fails "to provide this court with a sufficient basis to determine that appropriate legal principals have been followed." *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (citation omitted).

## APPLICABLE LAW

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  Under the Social Security Act, an individual is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

In determining whether a claimant qualifies as disabled within the meaning of the Social Security Act, the ALJ employs a five-part sequential evaluation.  The analysis requires the ALJ to consider whether:

1) The claimant presently engages in substantial gainful activity;

2) The claimant has a medically severe physical or mental impairment;

3) The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulation which precludes substantial gainful activity;

4) The claimant possesses a residual functional capacity to perform his or her past work; and

5) The claimant possesses a residual functional capacity to perform other work in the national economy considering his or her age, education, and work experience.

*See* 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988).  The claimant has the burden, in the first four steps, of establishing the disability.  *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).  At step five, the burden shifts to the Commissioner to show the claimant retains the ability to perform other work existing in the national economy.  *Id.*

## CASE HISTORY

Plaintiff, who was 28 years old at the time she alleges disability, filed for benefits in February 2017. She alleges disability due to multiple impairments including, Chiari malformation, Thyroidectomy, degenerative disc disease, neck and shoulder pain, chronic sinusitis, intellectual disability, depression, and anxiety. (Tr. 192.) Plaintiff did not graduate from high school and has not earned a GED. She has no past relevant work, having only worked part time in a few positions including at Ross and at a gas station. She lives with her husband and four kids.

Plaintiff and her attorney appeared at a May 29, 2019, administrative hearing where an ALJ heard testimony from Plaintiff and a vocational expert (Tr. 39-68). The ALJ subsequently issued a June 2019 decision that followed the regulatory five-step sequential evaluation in determining Plaintiff was not disabled (see Tr. 17-32). See 20 C.F.R. § 416.920. The ALJ found Plaintiff had the following severe impairments:  degenerative disc disase, Chiari malformation, migraine headaches, borderline intellectual functioning, affective/mood disorder, anxiety disorder, and obesity. (Tr. 19.) None of her impairments, either alone or in combination, were found to meet or equal a listing. The ALJ found Plaintiff had the residual functional capacity

(RFC) to perform medium work with certain limitations.  The ALJ then relied on vocational

expert testimony in finding that Plaintiff could perform work existing in significant numbers in

the national economy, including the representative occupations of (1) dining room attendant; (2)

hospital cleaner; (3) linen room attendant; (4) cashier; (5) fast food worker; and (6) sales

attendant.

Accordingly, the ALJ found Plaintiff was not disabled within the meaning of the Act (Tr.

31-32.) The Appeals Council denied Plaintiff's subsequent request for review, thereby rendering

the ALJ's decision the Commissioner's final administrative decision for purposes of judicial

review.  See 20 C.F.R. § 416.1481. This Court has jurisdiction under 42 U.S.C. §§ 405(g).

## PLAINTIFF'S ARGUMENTS

On appeal, Plaintiff raises three questions that form the basis for her arguments:

1.   Whether the ALJ erred in his evaluation of Ms. Atilano's headaches?

2.  Whether the ALJ erred in his evaluation of Dr. Kockler's medical opinion?

3.  Whether the ALJ erred by making inappropriate credibility findings?

## ANAYLSIS

I.    **Headaches**

Ms. Atilano argues the ALJ erred in the evaluation of her headaches. She was diagnosed

with a Chiari malformation and the most common symptom associated with that disorder is

headaches. The ALJ found Plaintiff's headaches to be a severe impairment, but according to

Plaintiff, the ALJ failed to properly take into account her headaches by not including any

headache limitations in sustaining work.

Plaintiff also takes issue with the ALJ's step three determination, arguing the ALJ failed

to properly determine whether the migraine headaches met or equaled a Listing. In support she

cites to *Thomas v. Covlin*, 69 F.Supp.3d 1174, 1178 (D.Colo. 2014), a case in this circuit from the District of Colorado. In Thomas, the plaintiff alleged disability on the basis of a number of ailments including migraine headaches. The court noted that although there is no separate listing for migraines, "the Commissioner has stated that the most analogous listing is section 11.03, which sets forth criteria for non-convulsive epilepsy." *Id*. at 1178; see 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.02.  None of the opinions in the record addressed the plaintiff's migraines "or assessed whether his complaints were medically equivalent to the [listings]." *Id*. Rather, there was a "Single Decision Maker," who is not a medical professional, finding that the migraines did not equal a Listing. The court noted this does not satisfy the requirement for finding medical equivalence supported by the opinion of a physician or psychologist. The court, then, reluctantly remanded, finding the lack of a proper Step Three determination regarding migraines to be in error.

"For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 891 (1990). The Commissioner argues Ms. Atilano failed to offer evidence that she meets all the criteria of Listing 11.02. The burden of proof at step three is on the claimant, see Fischer-Ross v. Branhart, 431 F.3d 729, 733 (10th Cir. 2005), and Plaintiff failed to meet the burden according to the Commissioner. The Commissioner points to state agency physician Kim Heaton, who opined Plaintiff did not meet or medically equal any listed impairment, including any neurological disorders. (Tr. 78.) And, the ALJ assigned significant weight to the medical consultants' opinions. (Tr. 27.) The Commissioner also points to the lack of evidence in the record regarding

headaches, and instead, notes that it is mostly comprised of Plaintiff's subjective complaints, along with those of her friends and family.

As noted by the *Thomas* court, "At step 3 of the sequential evaluation, the ALJ must determine whether the claimant's alleged impairments, singly or in combination, meet or medically equal one of the impairments set forth in the Commissioner's Listing of Impairments (the "listings")." The ALJ did thoroughly analyze obesity (Tr. 19-20) and mental impairments at step three. (Tr. 20-23.) And, there is no alleged errors at step three as to any other serious impairment.  The *Thomas* facts are slightly different than the instant case--the difference between the absence of a physician's report and the possible failure of an ALJ to base his decision on an existing report.  Nevertheless, the court finds the reasoning helpful and persuasive.

A close reading of the ALJ's decision reveals there is not an analysis of the migraine headaches at step three, which the ALJ found to be severe. The ALJ did not cite to Dr. Heaton or analyze Listing 11.02. In short, the Commissioner's arguments are interesting, but the court may not "create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007). *See, e.g.*, Allen v. Barnhart, 357 F.3d 1140, 1142-1145 (10th Cir.2004) (holding that district court's "post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process").

"[A]n ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). The problem in this case, however, is the fact that there is not a conclusion by the ALJ, or any analysis of the

headaches at step three. This creates a gap the court cannot cross by inference.  It is on this basis the court will remand the case.

II.     **Dr. Kockler's opinions**

Dr. Kockler offered two opinions. The first was based on a January 2017 examination where he observed that Plaintiff was substantially normal in many respects. There were some problems in a few areas, however, and these prompted the recommendation for Plaintiff to be referred for vocational rehabilitation and career guidance and training. The ALJ performed a thorough analysis of Dr. Kockler's opinions, and the ALJ assigned "some weight" to Dr. Kockler's mental RFC assessment. (Tr. 29.)

In April 2019, over two years later, Dr. Kockler signed a Treating Source Statement of Mental Limitations, wherein Dr. Kockler opined much more significant functional limitations than before. The ALJ rejected that opinion finding it "unpersuasive" based on the fact that Dr. Kockler had not seen Plaintiff in over two years at the time he signed the statement, and that it was based only on conclusions without any rationale.

Plaintiff seeks to invoke the treating source analysis as to the 2019 opinion, and relies heavily on it, arguing the ALJ erred in the evaluation of it. Plaintiff also points to the use of the word "unpersuasive" as inconsistent with the requirements of the regulations in analyzing the opinion. If the 2019 opinion had been properly adopted, Plaintiff asserts that she would have been found disabled.

The court in not persuaded by Plaintiff's arguments on this issue. A statement issued two years later, without any further examinations, is tenuous, especially when it is substantially different and more severe than what was offered previously. In addition, the ALJ offered credible

explanations for discounting it. The ALJ assigned Dr. Kockler's opinions "some weight" and the use of the word unpersuasive later on is not a sufficient basis to remand.

III.   **Credibility findings**

Plaintiff attacks the ALJ's credibility determination on the ground that the ALJ mischaracterized her opioid use characterizing it as misuse and focusing on a warning she received. Next, Plaintiff asserts it was improper to take into account any motivation for filing a disability claim. The ALJ noted it was her third application for benefits, and this was improper to include in any credibility determination. Finally, the record does not support the ALJ's assertions of noncompliance with her sleep apnea diagnosis.

An ALJ is to consider a claimant's activities and treatment as part of his analysis. *See* 20 C.F.R. §§ 416.929. The ALJ did consider and cite to the record as a basis for discounting Plaintiff's alleged symptoms. These references included work at home and with her kids, a lack of objective medical evidence supporting the level of disability she claimed, and instances where treatment alleviated Plaintiff's symptoms. On the entirety of the record, the court is not persuaded that these two issues--the opioid use and mentioning multiple applications--warrants a remand. There is sufficient evidence in the record, and evidence cited to by the ALJ in his decision, that supports the weight the ALJ gave to Plaintiff's allegations. The ALJ's use of the opioid and multiple application issue was not the best idea in this case, but the court is not convinced that it overshadowed the decision. The noncompliance with sleep apnea presents a little more difficult question as it appears the ALJ missed the mark on it, but the court is similarly persuaded it is not enough to warrant a remand, because there is enough other evidence that sufficiently supports the ALJ's determination.  Though, of course, the Commissioner may consider these issues during the next phase of the case.

## <u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405 for the purposes of conducting additional proceedings as set forth herein.

DATED this 26th day of February, 2021.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge