FILED
2021 JUN 15
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION, SOUTHERN REGION

| | |
|---|---|
| JESSICA ATILANO,<br><br>**Plaintiff,**<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case #4:20-cv-00040-PK<br><br>Magistrate Judge Paul Kohler |

The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  (Dkt. 14.)  On February 26, 2021, the Court entered a Judgment in favor of Plaintiff.  (Dkt. 34.)  Now before the Court is Plaintiff's "Petition and Memorandum for EAJA Attorney Fees."  (Dkt. 35.)  Defendant responded and Plaintiff replied.  (Dkt. 39 & 40.)  The Court reviewed the record and the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## ANALYSIS

The EAJA provides for an award of attorney fees and other expenses to a prevailing party, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than

> cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> [T]he Commissioner ha[s] the burden of proof to show that [his] position was substantially justified. The test for substantial justification in this circuit is one of reasonableness in law and fact. Thus, the [Commissioner's] position must be justified to a degree that could satisfy a reasonable person. The [Commissioner's] position can be justified even though it is not correct.

*Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quotations and citations omitted). In determining whether the Commissioner's position was substantially justified, the court must examine both the underlying agency's conduct and the Commissioner's defense of that conduct on appeal in the district court. *See* 28 U.S.C. § 2412(d)(2)(D).

The EAJA also provides that

> [a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id.* § 2412(d)(1)(B). The thirty-day period for applying for attorney fees under the EAJA runs from the date the judgment is final and not appealable. *See id.* § 2412(d)(2)(G).

In her motion and reply, Plaintiff argues that she is entitled to an award of $5,682.62 for attorney fees pursuant to the EAJA and has included the required itemized statement of fees. Plaintiff asserts that she is the prevailing party and that the position of the Commissioner in this case was not substantially justified. Plaintiff further contends that the fees sought are reasonable.

In response, the Commissioner argues that his position in this case was substantially justified. More specifically, the Commissioner contends that even though the court determined that the ALJ erred in the step three analysis, it was still reasonable for the Commissioner to defend the case. While it is true that the Commissioner's position can be justified even if it is not correct, *see Hackett*, 475 F.3d at 1172, the court determines that principle does not apply here.

In its order remanding the case, the Court noted the complete absence of an analysis of the migraine headaches (a severe impairment) at step three. The ALJ did not refer to Dr. Heaton or analyze Listing 11.02 and there is nothing in the ALJ's opinion that would have allowed the Court to make a reasonable inference otherwise. *See, e.g. Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007). Doing so would have been an inappropriate "post hoc effort to salvage the ALJ's decision." *See*, *Allen v. Barnhart*, 357 F.3d 1140, 1142-1145 (10th Cir.2004).

The court notes that it is possible that "findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). The problem in this case, however, is the fact that there is not a conclusion by the ALJ, or any analysis at all, of the headaches at step three. In other words, it's not the way the ALJ articulated his opinion, it's the absence of any meaningful articulation for the Court to follow at step three (or anywhere else) regarding the issue. For that reason, the court concludes

that the Commissioner's position with respect the step three analysis was not substantially justified, either at the agency level or on appeal.

Finally, although not challenged by the Commissioner, the court concludes that the attorney fees sought by Plaintiff are reasonable.

## **CONCLUSION AND ORDER**

Accordingly, Plaintiff's "Petition and Memorandum for EAJA Attorney Fees" is GRANTED. The Commissioner shall pay Plaintiff an award of attorney fees under the EAJA of $5,682.62.

DATED: 15 June 2021

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge